UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY WAYNE ALEXANDER,<br><br>                  Plaintiff,<br>    v.<br><br>INTERNAL REVENUE SERVICE,<br>et al.,<br><br>                  Defendants. | CASE NO. C19-1711JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is *pro se* Plaintiff Gary Wayne Alexander's complaint against Defendant Internal Review Service ("IRS") and four IRS employees in their official capacities, including "Ursula Gillis, Agent, CFO"; "Steve Baker, Agent"; "Maryann R. Enciso, Agent"; and "Yvonne Olson, Revenue Officer." (*See* Compl. (Dkt. # 1).) The court has reviewed Mr. Alexander's complaint and finds that it does not sufficiently allege a basis for the court's subject matter jurisdiction. Thus, the court ORDERS Mr. Alexander to file an amended pleading or other submission setting forth the federal

ORDER - 1

statute(s) and/or specific case authority that gives the court subject matter jurisdiction to hear this case within fourteen (14) days of the filing date of this order.

Mr. Alexander's complaint names the IRS and IRS employees in their official capacities. (*See id.* at 1, 11.) His complaint appears to involve a dispute with the IRS over a tax assessment indicating that he owes $787,389.80 in taxes, penalties, and interest. (*See id.* at 13 (attaching a copy of a notice from the IRS to Mr. Alexander, dated October 31, 2106, and referencing tax year 2015).) Although Mr. Alexander's complaint is difficult to understand,[1] liberally construed,[2] he appears to demand that Defendants provide him with "proof" of "44 listed items." (*Id.* at 10; *see also id.* at 5-10 (delineating the 44 listed items).) He asserts that, unless Defendants provide him with these 44 items of proof, they "waive ALL their rights, titles, and interests in their claim . . . in the [a]lleged [a]mount of Seven-hundred Sixty-thousand Two-hundred Sixty-four DOLLARS and Eighty CENTS ($760,264,059.80US) . . . ." (*Id.* at 11.) He also alleges that Defendants' demand that he pay certain IRS tax notices, totaling $787,389.80, involves some sort of criminal conspiracy by Defendants that entitles him to $3,149,559.20 in damages. (*See id.* at 11-12.)

---

[1] Mr. Alexander's complaint may also be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). However, before considering other possible grounds for dismissal, the court resolves whether it has subject matter jurisdiction over his complaint. *See Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir.2008) ("[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues.").

[2] "A *pro se* complaint must be 'liberally construed,' since 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

To guide Mr. Alexander's submission, the court details the following concerns concerning its subject matter jurisdiction. The United States, as sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction. *See United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Testan*, 424 U.S. 392, 399 (1976). Where the United States has not consented to suit and there is no waiver of sovereign immunity, the court lacks subject matter jurisdiction and dismissal is required. *Gilbert v. DaGossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). Mr. Alexander, as plaintiff, bears the burden of asserting that sovereign immunity is waived. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

Although Mr. Alexander's complaint names the IRS and four IRS employees in their official capacities, the doctrine of sovereign immunity extends to agents and officers of the United States to the extent they are sued in their official capacities and the relief requested would affect the federal fisc. *Gilbert*, 756 F.2d at 1458 ("It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants. . . . Thus, a suit against IRS employees in their official capacity is essentially against the United States. As such, absent express statutory consent to sue, dismissal is required.") (internal citations omitted); *Hutchinson*, 677 F.2d at 1327 ("the bar of sovereign immunity cannot be avoided merely by naming officers and employees of the United States as defendants."). In addition, suits against an agency, such as the IRS, are suits against the United States. *See Blackmar v. Guerre*, 342

//

U.S. 512, 515-16 (1952) (ruling that a suit against an agency is a suit against the United States).

Because it does not appear to the court that the United States has waived sovereign immunity for Mr. Alexander's claims for declaratory and injunctive relief and for damages, the court believes that it must dismiss his suit for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Nevertheless, the court first permits Mr. Alexander an opportunity to respond to the court's concerns and establish the court's subject matter jurisdiction. Specifically, Mr. Alexander should respond to the court's concerns in the following areas:

**First**, Mr. Alexander's claims for declaratory judgment appear to be prohibited by the tax-exception clause to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

**Second**, to the extent that Mr. Alexander is making a claim for injunctive relief, this claim appears to be barred by the Anti-Injunction Act ("AIA"), 28 U.S.C. § 7421.

**Third**, to the extent that Mr. Alexander is making a claim for damages for unauthorized tax collection under 26 U.S.C. § 7433(a), this claim appears to be barred because Mr. Alexander has failed to allege or present facts to establish that he has met the jurisdictional prerequisites by exhausting his administrative remedies for such a claim as required under 26 U.S.C. § 7433(d)(1). *See Whitsitt v. Cato*, 773 F. App'x 918 (9th Cir. 2019) (citing *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (ruling that failure to exhaust administrative remedies deprived the court of jurisdiction over a

//

taxpayer's damages claims regarding improper tax collection under § 7433(a)); *see also* 26 C.F.R. § 301.7433-1(e) (specifying the required administrative remedies).

**Fourth**, to the extent that Mr. Alexander is making a claim for damages for failure to release a lien under 26 U.S.C. § 7432(a), this claim appears to be barred because Mr. Alexander has failed to present facts or allegations to establish that he has fully paid his tax assessment, *see PCCE, Inc. v. United States,* 159 F.3d 425, 428 (9th Cir. 1998) (ruling that a taxpayer must first fully satisfy the tax assessment as a jurisdictional prerequisite to suit under 26 U.S.C. § 7432), or otherwise met the jurisdictional prerequisites for such a claim, *see* 26 U.S.C. § 7432(d)(1)-(3) (requiring a plaintiff to (1) exhaust administrative remedies, (2) reasonably mitigate damages, and (3) bring suit with two years of the accrual of the action); *see also* 26 C.F.R. § 301.7432-1(f) (specifying the required administrative remedies).

**Fifth**, to the extent that Mr. Alexander is making a quiet title claim under 26 U.S.C. § 2410(a)(1) by seeking an order from the IRS to remove any interest by the IRS against his real or personal property and to remove any federal tax liens against his property, this claim appears to be barred because Mr. Alexander has failed to present any facts or allegations to establish that he has met the jurisdictional prerequisites for a quiet title claim. Specifically, 26 U.S.C. § 2410(b) requires the complaint to allege "with particularity the nature of the interest or lien of the United States," and include "the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed." 28 U.S.C. § 2401(b). If the complaint does not

comply with this statutory pleading requirement, it "fails to satisfy the conditions necessary to waive the sovereign immunity of the United States and invoke federal jurisdiction." *Lewis v. Hunt*, 492 F.3d 565, 572 (5th Cir. 2007).

Based on the foregoing, the court ORDERS Mr. Alexander to SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. If Mr. Alexander fails to provide the court with the information described above or an amended pleading that contains the necessary information, the court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Dated this 29th day of January, 2020.

JAMES L. ROBART
United States District Judge